UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
------------------------------------------------------X
Jason Parker,

                    Plaintiff,

        -against-

Commercial Recovery Systems, Inc.,

                    Defendant.
------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff, Jason Parker (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory and injunctive relief against, Defendant, Commercial Recovery Systems, Inc. (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq*., commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

1.      Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violations of 15 U.S.C. Sec. §1692 *et seq*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as, "FDCPA").

## PARTIES

2. Plaintiff is a natural person and a resident of the State of Missouri, County of St. Louis.

3. Plaintiff maintains his residence at 9004 Windom Avenue, Overland, Missouri, 63114.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Texas.

6. Upon further information and belief, Defendant is engaged in the business of collecting incurred and allegedly incurred debts, and is a collection company with its principle place of business located at 8035 East R.L. Thornton Freeway, Suite #220 Dallas, Texas 75228.

7. Upon information and belief, Defendant's registered agent, C T Corporation System, maintains their office address at 1200 South Pine Island Rd, Plantation, Florida, 33324.

8. Upon information and belief and at all relevant times herein, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

9. Defendant engaged in various "communications" with Plaintiff as that term is defined in 15 U.S.C. §1692a(2).

10. Upon further information and belief, and at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201 AND §2202. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(3).

## FACTUAL ALLEGATIONS

13. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. In 2007, Plaintiff's vehicle was repossessed by an entity known as Santander Consumer USA, Inc. ("Santander").

15. Subsequently, Plaintiff received a letter from Santander representing to Plaintiff that the vehicle was sold in an auctioned, and there was a remaining balance owed in the approximate sum of six thousand dollars ($6,000.00) (hereinafter referred to as the "Alleged Debt").

16. On or about January 18, 2013, Defendant called Plaintiff regarding the Alleged Debt.

17. During the course of the above-referenced telephone communication, Defendant told Plaintiff that his account will be put on hold until February 25, 2013, the date when Plaintiff anticipated that he would receive his tax return.

18. Plaintiff received a follow-up call from Defendant in which Defendant reneged on the offer, and said that it can only put on the account on hold if Plaintiff makes a down payment of $300.

19. Plaintiff felt pressured to draw a check to Defendant in the amount of three hundred dollars ($300.00).

20. On the advice of his professional accountant, Plaintiff cancelled the check, as the collection of the debt seemed doubtful to him.

21. Plaintiff did not receive any written communication, including a written 30-day validation notice and a notice of Plaintiff's right to dispute the debt from Defendant after the initial telephone communication.

22. Soon thereafter, Plaintiff began receiving phone calls from Defendant's representative, Renee Barker, regarding the cancelled check, and insisting that he return her call.

23. Renee Barker's messages did not disclose the company she was representing.

24. Plaintiff returned Ms. Barker's phone call on or about February 8, 2013.

25. In the February 8, 2013 communication, Defendant threatened Plaintiff that if he did not pay the debt, his account would be filed with the District Attorney, and he would be liable for compensating them for court costs and attorney fees.

26. As of this date, Defendant has not served Plaintiff with a lawsuit.

27. Upon information and belief, Defendant neither intended to file suit nor does not have the legal authority to file suit against Plaintiff.

28. In another returned call, Plaintiff spoke with Defendant who told him that if he wants to take the settlement then Plaintiff needs to do it with him. The original creditor will not deal with him.

29. Furthermore, Defendant told him "You are a debtor. You are someone who don't pay their bills, so they sent him to a collections agency to call him on a daily basis to remind him of the debt that he owes that he didn't pay. That's what our job is"

30. Plaintiff responded "Sir, excuse me but I really don't appreciate the accusations that I did not pay my bills."

31. Defendant responded, "I do not care what you appreciate at this point. You should be appreciating paying your bill."

## FIRST CAUSE OF ACTION
### Violation of 15 U.S.C. § 1692d(2)

32. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendant violated 15 U.S.C. §1692d(2) in that the Defendant used abusive language in its communication with the Plaintiff, when it berated Plaintiff by using derogatory terms calling him a debtor and stating that Plaintiff does not pay his bills, despite Plaintiff's protests.

34. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
### Violation of 15 U.S.C 1692e(5)

35. Plaintiff repeats, reiterates, and incorporates by reference the allegations contained in paragraphs numbered "1" through "34" above with the same force and effect, as if the same were set forth at length herein.

36. Defendant violated the Fair Debt Collection Practices Act 15 U.S.C 1692 e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken when it threatened Plaintiff with a lawsuit.

37. As a result of Defendant's violation of the Fair Debt Collection Practices Act, Plaintiff is entitled to statutory damages, costs and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f

38. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39. Defendant violated 15 U.S.C. §1692f in that Defendant used unfair and unconscionable means in attempt to collect a debt by making threats of a lawsuit, reneging on a previously agreed upon terms, and demanding a down payment immediately, thereby placing Plaintiff in a state of apprehension.

40. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION
## (Violation of 15 U.S.C 1692( g))

41. Plaintiff repeats, reiterates, and incorporates by reference the allegations contained in paragraphs numbered "1" through "40" above with the same force and effect, as if the same were set forth at length herein.

42. Defendant violated the Fair Debt Collection Practices Act 15 U.S.C 1692g, by failing to send a 30 day validation notice within five (5) days of the initial communication.

43. As a result of the Defendant's violation for the Fair Debt Collection Practices Act. Plaintiff is entitled to statutory damages, costs and reasonable attorneys' fees.

## DEMAND FOR TRIAL BY JURY

44. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jason Parker demands judgment from the Defendant Commercial Recovery Systems, Inc. as follows:

A.  For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

B.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

C.  For a declaration that the Defendant's practices violated the FDCPA; and,

D.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
         April 24, 2013

                                                Respectfully submitted,

                                  By:   __s/Jerald A. Belofsky_____
                                       Jerald A. Belofsky, Esq.
                                        Fredrick Schulman & Associates
                                       Attorneys at Law
                                       Attorney for Plaintiff
                                       30 East 29TH Street
                                       New York, New York 10016
                                       P.(212) 796-6053
                                            F.(212) 951-7379
                                            info@fschulmanlaw.com